## PETER LAZAREVICH
### *vs.*
## HAROLD B. CLARK

Court of Common Pleas  New Haven County  File No. 30592

MEMORANDUM FILED NOVEMBER 5, 1942.

*Franklin Coeller*, of New Haven, for the Plaintiff.

*Beers & Beers*, of New Haven, for the Defendant.

Memorandum of decision in action for rent.

PICKETT, J.  By written lease in sufficient form, dated February 20, 1937, plaintiff leased to defendant store premises at 21 Boston Street, Guilford, "for a term of one year from

March 1st, 1937, to February 28th, 1938" at a monthly rental of $20 per month payable in advance. (Plaintiff's Exhibit A.)

The lease further provides: "I am also giving the said lessee privilege of renting the store after the present lease expires."

On the date when the lease was executed defendant paid to plaintiff six months rent in advance and at the same time asked that the lease term be extended to April, 1940.

In response to this request there was written on the rent receipt the words: "Three year agreement to April 1940, $20.00 per month." (Defendant's Exhibit 1.)

Pursuant to the foregoing defendant took possession of the premises.

In the spring of 1939, one Leahy and one Ifkovic, who desired to open a liquor package store in Guilford, approached plaintiff and offered $35 per month for the rental of the store then occupied by defendant. Plaintiff felt himself unable to accept the offer as he then acknowledged that defendant had a subsisting, unexpired lease of the premises but suggested that defendant might consider subletting a part of the premises and indicated his willingness to consent to such subletting.

Consequent to this suggestion Leahy and Ifkovic negotiated with defendant and an agreement was made whereby defendant was to erect a partition and make other alterations, with plaintiff's consent, and Leahy and Ifkovic were to pay $25 per month to defendant as rental for part of the store so altered.

This proposed agreement between the defendant and the partners was reduced to writing and submitted to plaintiff who in writing and upon the same paper signed his consent as follows: "The landlord Peter Lazarevich agrees to allow Mr. Clark to sub-let half of the present store as written above and will also give the tenant the privilege of two years lease with one option at $25.00 per month." (Plaintiff's Exhibit B.)

It appears that defendant had voluntarily agreed to pay plaintiff $25 per month for the whole store instead of $20 as previously because it had been explained to him that the partners had offered a higher rent for the whole store.

Under the arrangement outlined, the alterations were made, the package store was opened and rent at $25 per month was

paid to defendant and in turn by him to plaintiff, commencing June 15, 1939.

In October, 1939, plaintiff demanded that the partners pay direct to him and to this defendant consented. At this same time plaintiff demanded that defendant pay $15 per month in addition or vacate the premises. This defendant declined to do. Defendant continued to occupy the premises until June 1, 1942, paying no money directly but claiming that the $25 per month paid by the sublessees discharged his rent obligations under the leasehold interest which defendant claimed to have.

The question presented is whether from October 1, 1939, to June 1, 1942, defendant had a lease for a term of years at $25 per month for the whole store or merely a tenancy from month to month for half of the store.

Plaintiff claims that plaintiff's Exhibit B, dated June 13, 1939, is not a lease as not being signed by the party to be charged and being otherwise defective. If this be so, it is not controlling.

The original writing between the parties (plaintiff's Exhibit A) dated February 20, 1937, is conceded to be a valid lease. It expressed "a term of one year" to expire February 28, 1938, but has the added agreement: "I am also giving the said lessee privilege of renting the store after the present lease expires"

On the same day but at a later hour defendant paid six months rent in advance, whereas the lease only required him to pay one month and at that time asked and received an agreement that his agreement should run for three years to April, 1940, at the same rental, which agreement is in writing and signed by the plaintiff.

The fundamental question appears to be whether the quoted clause in plaintiff's Exhibit A is to be construed as "a covenant to renew" or "an agreement of extension." *City Coal Co. vs. Marcus,* 95 Conn. 454, 459.

If construed as "a covenant to renew" a further formal lease is required; if "an agreement of extension", "the original lease operates as a continuous one, and the holding for a term exceeding the minimum provided in the agreement, does not require any additional instrument to give it validity. The

statute of frauds is satisfied by the original lease, if it is one required to be in writing." *City Coal Co. vs. Marcus, supra,* p. 459.

The language of plaintiff's Exhibit A, the practical interpretation of the parties as shown by conduct, the endorsement on defendant's Exhibit 1, the entry by plaintiff on plaintiff's Exhibit B, i.e., that plaintiff "will also give the tenant the privilege of two years lease with one option", all combine to indicate that the original lease was intended to be and is a lease with an agreement of extension.

The first extension was to April, 1940, by oral agreement acknowledged in writing by plaintiff on defendant's Exhibit 1.

Later, as of June 13, 1939, there was a modification of the rent terms by both written and oral agreement but in effect an acknowledgment by plaintiff that defendant had a subsisting leasehold interest of a "continuous" character, to run at least until "April, 1940" with an extension for two years thereafter with an option for one year additional but further providing that: "If Mr. Clark should vacate during the three years the whole store will be taken over for the same rental of $25.00 per month by the owner of the Package Liquor store." As of June 13, 1941, defendant gave written notice that he exercised the option.

It seems obvious that in the contemplation of the parties defendant had a continuing lease which required no formally executed renewal and which continued as a valid and subsisting lease until June 1, 1942, when under pressure of two summary process actions, defendant chose to surrender the premises and vacate.

Plaintiff's change of heart came after June 13, 1939, when he realized that defendant by virtue of the sublease was so fortunate as to occupy part of the premises without cost to himself. It was then that plaintiff first attempted to repudiate a bargain previously made.

I find the issues for the defendant.